UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 21-MJ-493 |
| : | |
| GLENN BASS, JR., : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(A) and 3142(f)(1)(E) of the federal bail statute. The Government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

**Introduction**

Defendant Glenn Bass Jr. is a 30-year old male, veteran, and law enforcement professional without known prior criminal history. As of the defendant's arrest, the defendant was a member of the U.S. Department of Veterans Affairs Police ("VA Police") at the Washington, D.C. VA Medical Center ("DCVAMC"). The defendant had previously been employed by VA Police at the DCVAMC and was recently rehired by the VA Police at the DCVAMC and was initially assigned to training duty. Both prior to, and on the morning of this incident, the defendant had received counseling from his VA Police supervisor regarding his work performance, conduct, and fitness for duty.

1

The Defendant was arrested on June 22, 2021, after a very serious incident where the defendant conveyed several serious threats directed at his VA Police supervisor over the VA Police radio channel. When multiple VA Police members responded to the defendant's location near his vehicle in the DCVAMC parking lot, the defendant had a loaded Glock 19 pistol in his pocket. At the urging of VA Police, the defendant removed the Glock 19 from his pocket and tossed it into his vehicle, where VA Police subsequently discovered two additional loaded Glock 19 magazines. The defendant's threats and this conduct was observed by multiple VA Police members. Firearms are not permitted on the DCVAMC campus, a federal facility, and the defendant does not have a license to carry a firearm or ammunition in the District of Columbia.

The defendant is now charged by federal Criminal Complaint with (1) Threatening a Federal Officer, in violation of 18 U.S.C. § 115(a)(1)(B); (2) Possession of a Firearm in a Federal Facility, in violation of 18 U.S.C. § 930(a); (3) Possession of a Firearm in a Federal Facility with intent that a firearm be used in the commission of a crime, in violation of 18 U.S.C. § 930(b); and (4) Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a).

Despite the defendant's lack of criminal history, his conduct at issue, as well as his apparent motivations for doing so, reveal serious concerns about the defendant's judgment, intent, and willingness to threaten serious harm to others. In addition, but for the VA Police's prompt and effective response to this incident, the defendant may have seriously harmed others. The serious and dangerous nature of the defendant's threatened and actual conduct evidences a real potential threat to others in the community going forward. For the reasons set forth below, the Government submits that the defendant should be held without bond pending trial to ensure the safety of the community.

**Procedural History and Applicable Authority**

On June 23, 2021, a federal Criminal Complaint, supported by a sworn affidavit, was filed charging Defendant Bass Jr. with four counts: (1) Threatening a Federal Officer, in violation of 18 U.S.C. § 115(a)(1)(B); (2) Possession of a Firearm in a Federal Facility, in violation of 18 U.S.C. § 930(a); (3) Possession of a Firearm in a Federal Facility with intent that a firearm be used in the commission of a crime, in violation of 18 U.S.C. § 930(b); and (4) Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a). An Arrest Warrant was also issued for the defendant, who was already in custody since his arrest after the incident on June 22, 2021.

An Initial Appearance was held before Magistrate Judge Faruqui on June 24, 2021. The Government indicated that it was seeking the defendant's temporary and pretrial detention pursuant to 18 U.S.C. § 1342. At the request and consent of counsel for the defendant, the Court scheduled a detention hearing for June 30, 2021. (Minute Entry June 24, 2021.)

At the detention hearing on June 30, 2021, the Government will move for detention pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(A) (involving a crime of violence[1]) and 3142(f)(1)(E) (involving firearm or other dangerous weapon).

The Government respectfully submits that the defendant remains a danger to the community. The Government must establish that a defendant poses a danger to the community by clear and convincing evidence in order to warrant pretrial detention pursuant to 18 U.S.C. § 3142(e). *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). By comparison, the Government must establish that a defendant poses a risk of flight by a preponderance of the evidence. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986).

---

[1] The first count, Threatening a Federal Officer, in violation of 18 U.S.C. § 115(a)(1)(B) is a crime of violence in these circumstances.

Sections 3142(g) provides that the Court should consider and weigh the following four factors in determining whether to detain a defendant pending trial: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). In consideration of the facts and circumstances of this case, the Government respectfully requests that the Court conclude that there is no condition or combination of conditions that would assure the safety of the community and the defendant's appearance at future proceedings. Therefore, Defendant Bass Jr. should be detained. *See* 18 U.S.C. § 3142(e)(1).

### Nature and Circumstances of the Offense Charged

The DCVAMC is a federal facility located at 50 Irving Street NW, Washington, D.C. Warnings are posted at the gates to the campus and additional locations advising all persons that no firearms or weapons are permitted on the property.

The defendant previously served as a VA Police member at the DCVAMC. The defendant recently rejoined VA Police and was initially assigned to training duty. A supervisory VA police officer with the VA Police Training Division at the DCVAMC ("Officer-1") has supervised the defendant during his training assignment. Officer-1 has recently communicated with the defendant and others at VA regarding several concerns about the defendant's work performance, conduct, and fitness for duty, including earlier in June 2021, on June 21, 2021 (the day before the incident), and earlier in the morning of June 22, 2021 prior to the incident.

On June 22, 2021, at approximately 10:00 a.m., members of the VA Police heard the defendant make multiple threatening statements against his supervising VA Police officer (callsign

"V-3") over the VA Police radio channel. The defendant (callsign "V-45") stated the following, in sum and substance:

> V-45 to V-3. Let me tell you something. I was a U.S. Army infantryman. And I'm a man. And I'm going to tell your bitch ass one last time. If I'm outside, I'm outside. But I got something for you at my car. Come see me. Security Forces.[2]
>
> I know you heard me, V-3. V-45 is at his car. Come see me. Security Forces. Let's go. Let's train.
>
> This is a personal meeting for V-3 and V-45. If anybody get in my way, I've got my cell phone, I'm calling MPD. I'm about to light it up at the DCVAMC. Let's go.
>
> Where is V-3 at? Where is V-3 at?

Upon hearing these statements by the defendant over the VA Police radio channel, multiple VA Police officers responded to Parking Lot 4 on the DCVAMC campus. There, officers located the defendant standing near his vehicle. Responding VA Police officers drew their firearms, took cover and other responsive actions, and communicated with the defendant regarding the situation and his threats to Officer-1. VA Police officers then observed the defendant remove a black Glock 19 pistol from his front pants pocket and throw the firearm into the back seat of his vehicle. VA Police officers then approached the defendant and placed him under arrest. VA Police officers searched the defendant's vehicle, where they located the loaded Glock 19 firearm that the defendant was observed throwing into his vehicle, as well as two additional loaded Glock 19 magazines. At the time of the incident, the Glock 19 firearm was loaded with one round in the chamber and additional rounds in the magazine. In all, VA Police recovered approximately 43 total rounds from the loaded firearm and the two additional magazines in the defendant's possession.

---

[2] The supervising VA Police officer previously served in the United States Air Force Security Forces. It is therefore believed that the defendant's reference to "Security Forces" was referring to the supervising officer.

A records check revealed that the defendant purchased the Glock 19 firearm recovered in this case in October 2017 at a federally licensed firearm dealer in Maryland. The defendant is not licensed to carry a firearm or ammunition in the District of Columbia.

Significantly, this incident involved (1) the defendant making serious and open threats against a VA Police officer, who was known to the defendant and served as his training supervisor, (2) after Officer-1 had communicated with the defendant and others at VA about concerns regarding the defendant's work performance, conduct, and fitness for duty, (3) while the defendant possessed his Glock 19 firearm, loaded with a round in the chamber, additional rounds in the magazine, with two additional loaded magazines and a total of approximately 43 rounds, at the location (near his vehicle) where the defendant called for Officer-1 to go to in his threats, (4) which firearm, ammunition, and magazines the defendant had apparently brought with him to the DCVAMC that day.

These actions by the defendant put Officer-1 and other VA Police members in real danger. The actions also pulled those officers away from their assigned duty to protect the patients, staff, visitors, and others at the DCVAMC. Together, this conduct evidences a motivation, intent, and dangerousness by the defendant that continues to present a real and ongoing danger to the community. As a result, the nature of this offense strongly weighs in favor of detention.

## **Weight of the Evidence Against the Defendant**

Based upon the Government's investigation to date, the weight of the evidence against the defendant in this case is strong. The defendant's threats against Officer-1 (transcribed above) were made over the VA Police radio channel and heard by multiple VA Police members. The defendant's threats were also recorded. Multiple VA Police members responded to the defendant's location near his vehicle (as the defendant himself stated in the threats). The firearm was observed

in the defendant's possession and was tossed by the defendant into his own vehicle, where additional magazines and rounds were also recovered. The Glock 19 firearm was loaded with one round in the chamber and additional rounds in the magazine. The firearm at issue is also the defendant's – it was purchased by him in 2017. The defendant is not licensed to carry a firearm in the District of Columbia, and no person is permitted to bring a firearm or other weapon on the DCVAMC facility.

Although the Government's investigation is ongoing, the Government respectfully submits that the evidence already collected against the defendant is strong. As a result, this factor also strongly weighs in favor of detention.

### Defendant Bass Jr.'s History and Characteristics

The Government is not presently aware of any criminal history for the defendant. Regarding the defendant's other pertinent characteristics, the Government's investigation to date has revealed that the defendant's VA Police supervisor had multiple concerns about the defendant's work performance, conduct, and fitness for duty, which Officer-1 discussed with others at VA and/or the defendant. The Government anticipates that the defense will proffer additional information concerning the defendant's character, physical and mental condition, family and/or community ties, and other characteristics. Nonetheless, the Government respectfully submits that neither the defendant's lack of criminal history, nor this factor as a whole, should be dispositive for the Court's detention analysis here – particularly when the other three Section 3142(g) factors weigh heavily in favor of detention.

**Danger to Any Person or the Community**

The nature and circumstances of the charged offenses – serious and open threats by the defendant against a person known well to him, his VA Police supervisor, a person known well to him, while the defendant possessed his Glock 19 with three magazines and more than 40 round of ammunition on the DCVAMC campus, a prohibited location – strongly indicate that the defendant remains a real danger to Officer-1, the direct subject of those threats, as well as to the community.

The seizure of the defendant's Glock 19 firearm, three magazines, and ammunition does not mitigate the motivation, intent, and dangerousness of harm to others that the defendant exhibited on June 22, 2021. Nor would a conditional release sufficiently mitigate those root cause and conduct factors in this context. As a result, this factor also strongly weighs in favor of the defendant being held without bond pending trial.

**There are No Condition or Combination of Conditions that Would Ensure Defendant Bass Jr.'s Appearance or Compliance with Court-Ordered Release Conditions**

The recent offense conduct – the prohibited possession of a loaded firearm while making serious threats to the defendant's supervisor – is particularly concerning given the defendant's position of responsibility at the VA Police and his recent interactions with his VA Police supervisor. These actions demonstrate that the defendant continues to pose a danger to others and that no condition or combination of conditions would reasonably assure the safety of Officer-1, VA Police, and the community.

**Conclusion**

For the foregoing reasons and any presented at the detention hearing for this matter, the Government respectfully submits that the Court should grant the Government's motion to detain Defendant Glenn Bass Jr. pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By:   */s/ Thomas G. Strong*
Thomas G. Strong
NY Bar No. 4958658
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Phone: (202) 252-7063
Email: thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on June 30, 2021.

By:    */s/ Thomas G. Strong*
Thomas G. Strong
Assistant United States Attorney