

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

September 3, 2021

**VIA EMAIL**

Cara Kurtz Halverson
Assistant Federal Public Defender
Counsel for Defendant Glenn Bass Jr.
Cara_Halverson@fd.org

      RE:    *United States v. Glenn Bass Jr.*, 21-CR-448 (TJK)

Dear Ms. Halverson:

     I write to provide you with certain information for the above-referenced case pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

**I.**     **Charges**

     For the charges pending against your client, we refer you to the Indictment filed through the Electronic Court File system for this case, a copy of which is also being provided to you as listed below.

**II.**     **Discovery**

       **A.**     **Disclosures**

     As listed below, copies of the following discovery and additional materials have been uploaded to the USA File Exchange ("USAfx" or "Box") in a case folder labeled "Glenn Bass Jr. (21-CR-448) – Discovery," which you have been provided access to. **All items placed in the USAfx case-folder will be deleted automatically – some in as few as 30 days or less. It is therefore imperative that you download all discovery as soon as possible.** The discovery uploaded on September 3, 2021 includes the following:

1. Indictment (2 pages)
2. VA Records:
   a. VA Police Report
   b. VA Form 119
   c. Emails (5 files)
   d. VA Use of Force Report
3. VA Police Audio Recordings (5 files)
4. VA Police Photographs (13 files)
5. VA Police Surveillance Videos (3 folders)
6. MPD Records (3 report files, 1 photograph)
7. Video of incident recorded by a third party (1 file: IMG_0060.mov)

**B.     Evidence**

    **1.     Body Worn Camera Videos**

There are Metropolitan Police Department body worn camera videos associated with this case. The government will disclose these files to you once an appropriate protective order is entered in this case. The government may seek to introduce these videos and images at trial.

    **2.     Physical Evidence**

At trial, the government may seek to introduce the physical evidence that is described on the disclosed police reports and those items listed below. This evidence includes:

- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- The firearms and ammunition recovered on scene
- Any of the seized items indicated on the reports that have been provided to you
- Any forensic or biological evidence recovered from the firearms or ammunition

    **3.     Radio Run Information**

\_\_\_ The government believes there are no recorded communications relevant to this case.

_X_ The government believes that there are recorded communications relevant to this case. The recordings will be provided consistent with the government's obligations under the Jencks Act.

    **4.     Identification Evidence**

Please see the attached documentation regarding identification evidence.

### 5. Inspection

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. See Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described in the reports provided herewith, please contact me to arrange for the inspection of the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 6. Reports of Examinations or Tests and Experts

It is anticipated that there will be forensic reports forthcoming. Such reports may include, but are not limited to, fingerprint testing, DNA testing, drug analysis, and/or firearms testing. Once any additional reports are completed, we will forward these to you under separate cover.

Please be advised that the government may call a DNA expert to testify at trial. Further details specifying the identities of these experts, the experts' qualifications, and the substance and basis of the expert testimony will be provided under separate cover.

Please be advised that the government may call a fingerprint expert to testify at trial. The expert may testify about the following subjects:  the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns; the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable. Due to the volume of cases being presented in court, it is unclear which witness will be available to testify if needed. The government may also call an experienced Mobile Crime or Crime Scene Search evidence technician as an expert. This expert will testify about the methods used to recover or attempt to recover latent fingerprints from pieces of evidence, why recovering latent fingerprints from particular surfaces or items of evidence may be difficult, and the MPD (or other law enforcement) policies, practices, and procedures for recovering and processing latent fingerprints. Such an expert will base his or her testimony on their training and experience in evidence collection. Further details specifying the identity of the expert, the expert's qualifications, and the substance and basis of the expert testimony will be provided under separate cover.

The government may also call a firearms expert to testify regarding the fact that the firearm and ammunition recovered in this case were not manufactured in the District of Columbia, and that this item was shipped or transported interstate or foreign commerce from another state into the District of Columbia. Further details specifying the identity of the expert, the expert's qualifications, and the substance and basis of the expert testimony will be provided under separate cover.

Finally, as evidence is collected and analyzed in this case, further need for expert testimony may be identified by the government; at which time the government will provide details specifying the identity of the expert, the expert's qualifications, and the substance and basis of the expert testimony under separate cover.

### C.     RULE 404(b) and RULE 609 EVIDENCE (known at this time)

The government may seek to admit evidence pursuant to FRE 404(b) and 609. In the event that the government seeks to introduce such evidence at trial, an appropriate notice or motion will be filed. Please also refer to the Pretrial Services Report for information about your client's criminal record that will likely form the basis for some or all of the evidence to be admitted pursuant to FRE 404(b) and 609.

### D.     Defendant's Rule 16 Statements

At this time, the government is not aware of any statements made by your client to law enforcement, other than what is noted in the VA Police report and the MPD body worn camera videos. In the event that the government becomes aware of any such statements, you will be notified in writing.

### E.     Criminal Record

Please refer to the Pretrial Services Reports from the defendant's arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions which are not included in this report.

### F.     Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including but not limited to the following:

1) notice of documents and tangible objects the defendant expects to introduce;

2) a Jencks request for all prior statements of any defense witness (excluding the defendant);

3) a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

4) a request for information pertaining to any expert or scientific testimony or evidence.

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.     Other Information (Brady / Lewis / Giglio)

The government is aware of its Brady obligations and its continuing duty to disclose such information should it become known. The government will disclose any Giglio and/or Lewis information for the government's witnesses at the time of trial.

\* \* \*

If you have any questions or concerns about the information provided above, please contact me directly at (202) 252-7063 or thomas.strong@usdoj.gov.

                                            Respectfully,

                                            CHANNING D. PHILLIPS
                                            ACTING UNITED STATES ATTORNEY

By:    */s/ Thomas G. Strong*
          Thomas G. Strong
          Assistant United States Attorney