UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GLENN BASS, JR.,<br>   *Defendant*. | Criminal Action No. 21-448 (TJK) |

## DETENTION ORDER

  For the reasons provided on the record at the change of plea hearing held yesterday, July 27, 2022, and based on consideration of the entire record, the Court cannot find by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community, as required to release him pending sentencing. *See* 18 U.S.C. § 3143(a). In reaching this conclusion, the Court considered in particular (1) the nature and circumstances of the offenses to which Defendant pleaded guilty, including one count of Influencing, Impeding, or Retaliating Against a Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B) and one count of Unlawful Possession of Firearms and Dangerous Weapons in Federal Facilities, in violation of 18 U.S.C. § 930(b); (2) Defendant's prior violations of his conditions of release, including his unauthorized travel from Maryland to South Carolina in April 2022; and (3) Defendant's unauthorized absence from his residence for several hours the evening of July 14, 2022, which occurred after the Court's admonishment about complying with his conditions and imposition of stricter conditions.

  The Court also notes that it is likely that even if the Court *could* make such a finding, the law would not permit Defendant's release pending sentencing anyway, because it appears

Defendant's release is governed by § 3143(a)(2), and not § 3143(a)(1), as the Court assumed. Section 3143(a)(2) applies to defendants who have been found guilty of, among other offenses, those classified as "crime[s] of violence." 18 U.S.C. § 3142(f)(1)(A).  Although the Court does not have the benefit of briefing from the parties on this question, its own research suggests that one of the crimes to which Defendant pleaded guilty—18 U.S.C. § 115(a)(1)(B)—satisfies the statutory definition of a "crime of violence."  *See* 18 U.S.C. § 3156(a)(4).  For example, several courts have found that 18 U.S.C. § 115(a)(1)(B) is a "crime of violence" under the same statutory definition when considering a defendant's pretrial detention.  *See United States v. Chrestman*, 525 F. Supp. 3d 14, 28 (D.D.C. 2021); *United States v. Kaetz*, No. 2:20-cr-1090-1, 2021 WL 37925, at *4–5 (D.N.J. Jan. 4, 2021).[1]  If § 115(a)(1)(B) is a "crime of violence" for these purposes, it would not matter whether the Court could find by clear and convincing evidence that Defendant was not likely to flee or pose a danger to any other person or the community.  That is so because, to release a defendant pending sentencing, § 3143(a)(2) *also* requires that either (1) the court must find that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (2) an attorney for the Government must recommend that no sentence of imprisonment be imposed on the defendant.  Neither is the case here.

Accordingly, it is hereby **ORDERED** that Defendant shall surrender to the United States Marshals Service at the E. Barrett Prettyman United States Courthouse, Courtroom 11, at the next status conference set for August 3, 2022, at 9:30 a.m., for detention pending sentencing.  For the

---

[1] Other courts have determined 18 U.S.C. § 115(a)(1)(B) to be a "crime of violence" in contexts with similar definitions.  *See, e.g.*, *United States v. Ladwig*, 432 F.3d 1001, 1005 (9th Cir. 2005) (finding 18 U.S.C. § 115(a)(1)(B) a crime of violence under the sentencing guidelines); *United States v. Bonner*, 85 F.3d 522, 527 (11th Cir. 1996) (same).

reasons stated on the record, the Court recommends that Defendant be detained at Alexandria Detention Center in Alexandria, Virginia.

It is further **ORDERED** that all of Defendant's conditions of release that this Court has previously imposed shall remain in effect until Defendant surrenders to the United States Marshals Service on August 3, 2022, unless otherwise ordered by the Court.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 28, 2022